ORIGINAL

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U S D C Atlanta

OCT 2 4 2006

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) | **CIVIL ACTION NUMBER** |
| Plaintiff, ) ) | **1:06-CV-2569** |
| v. ) ) | **JURY TRIAL DEMANDED    TWT** |
| **FAMILY DOLLAR STORES, INC.,** ) ) | |
| Defendant. ) ) ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (including but not limited to sexual harassment), and to provide appropriate relief to the Charging Party, Kendrick Jones (hereinafter "Charging Party"), who was adversely affected by such practices. The Commission alleges that the Charging Party was sexually harassed by a manager of the Defendant. As a result of the sexual harassment, the conditions of his employment were made so intolerable that he was forced to resign his position

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Family Dollar, Inc. (the "Defendant") has continuously been a corporation doing business in the State of Georgia and the city of Atlanta, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer

2

engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h)

## STATEMENT OF CLAIMS

6  More than 30 days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination with the Commission alleging a violation of Title VII by Defendant  All conditions precedent to the institution of this lawsuit have been fulfilled

7.  Since at least May 16, 2004, Defendant engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C §2000e-2(a), by subjecting the Charging Party to

    (a)  sexual harassment, and

    (b)  constructive discharge.

8.  The effects of the practices complained of in paragraph 7 above have been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex

9  The unlawful employment practices complained of in paragraph 7 above were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of the Charging Party

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment against employees, creating intolerable working conditions the effect of which forces employees to resign their employment, and engaging in any other employment practice which discriminates on the basis of sex.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole the Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.   Order Defendant to make whole the Charging Party by providing

compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial

F.   Order Defendant to pay to the Charging Party punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial

G.   Grant such further relief as the Court deems necessary and proper.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint

    Respectfully submitted,

    RONALD S. COOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

Oct 24, 2006
Date

*[signature]*
ROBERT K DAWKINS
Regional Attorney
Michigan Bar No P-38289

REBECCA E LEINTZ
Trial Attorney
Georgia Bar Number 101106

U. S Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone  (404) 562-6818
Facsimile.   (404) 562-6905